UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:13CV-P8-M

JOSEPH S. WALKER                          PLAINTIFF

v.

SOUTHERN HEALTH PARTNERS *et al.*              DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Joseph S. Walker filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is now before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

I.

Plaintiff is an inmate at the Daviess County Detention Center (DCDC). He sues Southern Health Partners (SHP); Clark, whom he identifies as the head nurse with SHP; Miles, whom he identifies as a nurse with SHP; and David Osborne, whom he identifies as the Jailer of DCDC. He sues Defendant SHP in its official capacity and Defendants Clark, Miles, and Osborne in their individual and official capacities. As relief, he seeks compensatory and punitive damages and injunctive relief in the form of a "transfer to facility with proper Medical Staff."

Plaintiff states that he has been housed at DCDC since July 24, 2012. He reports that he put in a sick call form in August. The nurse told him that there was nothing they could do without his medical records from his doctor regarding his neck fusion. In October he was told that they had received his medical records from the emergency room, and Plaintiff filled out more paperwork to receive other medical records.

Plaintiff states that in the beginning of December a doctor ordered x-rays. However, he states, "Still nothing done about numbness and pain in left arm & shoulders doctor said fusion still intact and no significant finding." Plaintiff submitted another sick call request stating his problems. He saw Defendant Miles on December 28, 2012. Plaintiff states, "I explained my situation and was told 'Some things in life you got to deal with.' Then told me we were done and left." Plaintiff states that he filled out another sick call saying that he wanted a second opinion and that the response stated, "Seen in sick call 12/28/2012 for this left sick call before Nurse could finish." Plaintiff reports that he has filed two grievances and five sick call requests on this matter. He states, "Medical Doctor has never seen me personally only effort to help was x-rays and no findings or help there."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

**A.    SHP and Osborne**

The complaint makes no reference to Defendants SHP or Osborne, except in the portions of the complaint in which Defendants are to be listed. Plaintiff states no facts regarding these Defendants' personal involvement in the events giving rise to the complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff has not alleged any facts involving Defendants SHP or Osborne, the claims against them will be dismissed for failure to state a claim upon which relief may be granted.

3

Moreover, to the extent Plaintiff seeks to hold these Defendants liable based on their supervisory authority, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

As the complaint contains no facts concerning SHP or Osborne, Plaintiff fails to demonstrate that they encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced to any unconstitutional conduct. Accordingly, the claims under § 1983 against SHP and Osborne must be dismissed for failure to state a claim upon which relief may be granted.

**B.      Official-capacity claims against Defendants Clark and Miles**

Plaintiff sues Defendants Clark and Miles in their official capacities. Plaintiff's official-capacity claims against these Defendants are actually against their employer, SHP. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). "A private corporation is not liable under § 1983 for torts committed by its employees when such liability is

4

predicated solely upon a theory of *respondeat superior*." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996). Plaintiff makes no allegations concerning SHP and does not allege any official policy or custom on the part of that entity. Accordingly, Plaintiff's official-capacity claims will be dismissed for failure to state a claim.

C.      **Individual-capacity claims against Defendants Clark and Miles**

Plaintiff also sues Defendants Clark and Miles in their individual capacities. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). In order for a claim to rise to the level of an Eighth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837-38. Therefore, to prove a prison official is liable under the Eighth Amendment for denial of medical treatment, the prisoner must first demonstrate the existence of a "sufficiently serious" medical need. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). The prisoner must also demonstrate that the prison official subjectively possessed "'a sufficiently culpable state of mind in denying medical care.'" *Id*. (quoting *Farmer*, 511 U.S. at 834).

However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Here, Plaintiff states that he received x-rays in December

2012 and saw Defendant Miles for his medical problem. He requests a "second opinion." Plaintiff therefore does not allege that he was denied treatment; his dispute is over the adequacy of his treatment. His deliberate-indifference claims against Defendants in their individual-capacities, therefore, fail to state a claim upon which relief can be granted and will be dismissed.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: June 10, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.010